UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID EARL CARTER SR.,

                Petitioner,

-against-

DANIEL F. MARTUSCELLO III,

                Respondent.

24-CV-9896 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner, who is currently incarcerated at Clinton Correctional Facility, brings this *pro se* petition, under 28 U.S.C. § 2254, challenging his September 20, 2018 conviction in the New York Supreme Court, New York County.[1] The Court transfers this action to the United States Court of Appeals for the Second Circuit for the reason set forth below.

      Petitioner seeks to challenge the legality of his September 20, 2018 state court conviction. The Court's records show that Petitioner filed a previous application for relief under Section 2254 challenging the same conviction. *See Carter v. Annucci*, No. 22-CV-9019 (ER) (SN) (S.D.N.Y. Sept. 5, 2023), *certificate of appealability denied*, No. 23-7711 (2d Cir. Aug. 14, 2024). Because Petitioner's previous application for relief under Section 2254 was decided on the merits, this application is a second or successive petition. *See Graham v. Costello*, 299 F.3d 129, 133 (2d Cir. 2002).

      Before a second or successive Section 2254 petition for *habeas corpus* is filed in the district court, authorization from the appropriate court of appeals is required. 28 U.S.C.

---

[1] In the petition, Petitioner provides the indictment number, 3657/2016, and the date of sentencing, March 7, 2019, of the conviction he is challenging. (ECF 1, at 1.) According to an opinion issued by the New York Supreme Court, Appellate Division, First Department, judgment on Petitioner's conviction arising from indictment number 3657/2016 was rendered on September 20, 2018. *See People v. Carter*, 201 A.D.3d 551 (Mem) (1st Dep't Jan. 20, 2022).

§ 2244(b)(3)(A). Petitioner must therefore move in the United States Court of Appeals for the Second Circuit for permission to pursue this application.[2]

## CONCLUSION

In the interest of justice, the Court transfers the petition to the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 1631; *see also Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996) (*per curiam*). This order closes this case in this court. If the Court of Appeals authorizes Petitioner to proceed in this matter, he shall move to reopen this case under this civil docket number.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 10, 2025
         New York, New York

                                                  /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                                  Chief United States District Judge

---

[2] Any motion to the Court of Appeals must show that: (A) the claim being raised by the petition "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or (B) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(i)-(ii).